Law Library

## IN THE SUPERIOR COURT OF GUAM

PACIFIC PRESBYTERIAN CHURCH and )     CIVIL CASE NO. CV0516-09
REVEREND DAVID JO, )
                                     )
                  Plaintiffs, )     **DECISION AND ORDER**
                                     )
        v. )
                                       )
IMMANUEL CHOI, BYUNG HO AHN, )
ENDYMION M. CHEN, HAN SUN REEP, )
DONG CHUN NAMKOONG, KIM HO YIM, )
KIL CHA LEE, YONG JA OH, JULIE LEE )
YAMAMOTO, NAMI CHANG, CHUNG H. )
CHOI, SUK NAM KOONG, SI HYUNG )
KIM, and SONG UK YI, )
                                       )
                  Defendants. )
_____ )

## INTRODUCTION

This matter originally came before the HONORABLE ARTHUR R. BARCINAS on the Defendants' Motion to Drop Plaintiff Reverend David Jo as a Plaintiff and Motion for Partial Summary Judgment, and the Plaintiffs' Cross-Motion for Summary Judgment. The Court issued judgment in favor of the Plaintiff Pacific Presbyterian Church ("hereinafter PPC"), and in favor of the Defendants in a Decision and Order on the motions, and a Judgment, both filed on November 14, 2011. The Judgment was subsequently amended on December 27, 2011, in

conformance with the Decision and Order of November 14, 2011, and the Decision and Order of December 27, 2011.

On January 10, 2012, the Defendants filed another "Motion to Amend," this motion seeks amendment of the Judgment of December 27, 2011. The written motion contends that amendment should be granted to correct another clerical error in the December 27, 2011, Judgment, in which it apparently quieted title in the Plaintiff PPC only to Lot No. 11-A-1, Block No. E, Track No. 9, Barrigada, GUM Estate No. 21648 Suburban. The written motion sets forth that under the Decision and Order of November 14, 2011, title should have been quieted in the Plaintiff PPC to Lot Nos. 11-A-1 and 11-A-2, Block No. E, Track No. 9, Barrigada, GUM Estate No. 21648 Suburban. At the hearing, held on March 9, 2012, the Defendants orally argued that the amendment should actually quiet title to all three lots named in the original complaint, Lot Nos. 11-A-1, 11-A-2, and 11-A-3, Block No. E, Track No. 9, Barrigada, GUM Estate No. 21648 Suburban. The Plaintiffs did not oppose the Motion to Amend. Attorney Phillip J. Torres represented the Plaintiffs. Attorneys James Stake, Charles McDonald, and Michael Pangelinan represented the Defendants. The Court now issues the following Decision and Order on the matter presented.

## DISCUSSION

The Defendants have cited to both Rule 60(a) and Rule 60(b) in filing this motion. A final judgment has been granted in this case, however, the Defendants seek amendment of both the judgment, issued on November 14, 2011, and the underlying decision and order issued the same day. Because Rule 60(a) or (b) may be used to provide relief from both an order and a judgment, and the Defendants cite to both rules in filing this motion, the Court will determine

which provides the applicable standard for the current "Motion to Amend." Defendants argue that the Court has made a clerical error or oversight which it may correct under 60(a) or (b).

GRCP Rule 60(a) provides in relevant part:

> Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party, and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

GRCP Rule 60(a) (2012).

GRCP Rule 60(b) provides in relevant part:

> Mistakes, Inadvertence, Excusable Neglect, Newly Discovered Evidence, Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:(1) mistake, inadvertence, surprise, or excusable neglect; . . . .The motion shall be made within a reasonable time, and for reasons (1), (2), (3) not more than one year after the judgment, order, or proceeding was taken.

GRCP Rule 60(b) (2012).

Rule 60(a) grants a court the discretion to correct a clerical oversight or omission "at any time . . . before the appeal is docketed in the appellate court," however, if an appeal is both docketed and pending, it may only "be so corrected with leave of the appellate court." GRCP Rule 60(a). Rule 60(b)(1) grants a court the discretion to relieve a party from any order, judgment, or proceeding for reason of mistake, inadvertence, surprise, or excusable neglect, provided that the party moves for relief within a reasonable time and not more than one year after the order was entered. Brown v. Eastman Kodak Co., 2000 Guam 30, ¶ 32 (citing Pioneer Investment Serv., Inc. v. Brunswick Assoc., 507 U.S. 380, 394 (1993)).

In this case, Defendants' motion was filed within two weeks of the filing of the Court's December 27, 2011, Judgment and within two months of the November 14, 2011, Decision and

Order, and final judgment entered the same day. The Court finds that the motion is therefore timely under either GRCP Rule 60(a) or (b)(1); however, as the Defendants have filed an appeal in the Supreme Court of Guam, which has been docketed with the appellate court as Supreme Court Case No. CVA11-022, the Court may not now grant the motion under GRCP Rule 60(a) without first receiving leave of court from the Supreme Court of Guam.

The Defendants assert that amendment of the decision and order and the amended judgment is warranted because there was a clerical error of the Court in both the Decision and Order and Judgment of November 14, 2011, and the Amended Judgment of December 27, 2011, indicating that title was quieted in Plaintiff PPC in only Lot No. 11-A-1, Block No. E, Track No. 9, Barrigada, GUM Estate No. 21648 Suburban, or only in both Lot Nos. 11-A-1 and 11-A-2, Block No. E, Track No. 9, Barrigada, GUM Estate No. 21648 Suburban. The Defendants assert that the decision and order and the amended judgment should have stated that title was quieted in Plaintiff PPC, to all three lots contained in the complaint, Lot Nos. 11-A-1, 11-A-2, and 11-A-3, Block No. E, Track No. 9, Barrigada, GUM Estate No. 21648 Suburban. The Court first addresses whether there was an error as contemplated under Rule 60(a) or (b)(1).

It is the Defendants' position that based upon the Court's actual legal analysis contained in the Decision and Order issued on November 14, 2011, the Court should have quieted title to all of the real property at issue in Plaintiff PPC. The Court agrees. In its Decision and Order of November 14, 2011, the Court specifically found that "both Certificates of Title Nos. 114699 and 114698 . . .name the Pacific Presbyterian Church of Guam as the title holder . . . ." Pacific Presbyterian Church et. al. v. Choi et. al., Civil Case No. 516-09, Decision and Order Re: Summary Judgment, p. 7, lines 13–14 (November 14, 2011). The Court previously determined, "the primary underlying legal issue presented in this case is whether the mortgages recorded by

the Defendants actually encumber a piece of registered real property owned by the PPC." Id., Decision and Order Re Motions for Misjoinder and Summary Judgment, p. 5, lines 9–11 (May 21, 2010). However, the primary legal issue presented in this case is whether the mortgages recorded by the Defendants actually encumber **three** pieces of registered real property owned by the PPC. This is evidenced by the complaint and the mortgages submitted, upon which the Court relied in issuing its Decision and Order of November 14, 2011, and in issuing the judgments based thereon. Id., Decl. of Jane Yamasaki, Paragraph 5 Attachment, p.7, and Paragraph 6 Attachment, p.6.

Concluding that the Court may address clerical errors under Rule 60(a), and that the error of the Court was clerical in nature, the Court finds that the decision and order and amended judgment should not be remedied under Rule 60(b)(1). The Court should correct its error under GRCP Rule 60(a). In its November 14, 2011, Decision and Order, the Court stated, "the Plaintiffs' Motion for Summary Judgment on the issue of Quiet Title is now GRANTED in favor of the Plaintiffs." Pacific Presbyterian Church et. al. v. Choi et. al., Civil Case No. 0516-09, Decision and Order Re: Summary Judgment, p. 12, lines 17–18 (November14, 2011).

The Court's intent was to quiet title in the Plaintiff PPC as to all lots of which it is the named owner and title holder, and which are disputed by the mortgages recorded under instrument nos. 751831 and 751833. This includes all three lots, Lot Nos. 11-A-1, 11-A-2, and 11-A-3 Block No. E, Track No. 9, Barrigada, GUM Estate No. 21648 Suburban. Accordingly, the Court would grant "amendment" under Rule 60(a) in order to correct this clerical error in both the Decision and Order and Judgment issued on November 14, 2011, and the Amended Judgment issued on December 27, 2011. However, because the Defendants have filed an appeal, which has been docketed in the Supreme Court of Guam as Supreme Court Case No.

CVA11-022, this Court cannot do so without leave of the Supreme Court of Guam. As this Court is not a party to the appeal, and is not appearing before the Supreme Court of Guam, the parties themselves must request leave to amend the decision and order and amended judgment from the Supreme Court of Guam.

## CONCLUSION

Based upon the filings and evidence presented, the Court DENIES amendment of the Decision and Order and the Judgment issued on November 14, 2011, and the Amended Judgment issued on December 27, 2011, under GRCP Rule 60(a), until leave is acquired from the Supreme Court of Guam. The Court would grant this motion under Rule 60(a) on the basis that there was a clerical error in stating that title was quieted in the Plaintiff PPC only to Lot No. 11-A-2, Block No. E, Track No. 9, Barrigada, GUM Estate No. 21648 Suburban, or to Lot Nos. 11-A-1 and 11-A-2, Block No. E, Track No. 9, Barrigada, GUM Estate No. 21648 Suburban, when the Court's intent and legal finding was to quiet title in the title holder, Plaintiff PPC, to all lots disputed by mortgages recorded under instrument nos. 751831 and 751833, including Lot Nos. 11-A-1, 11-A-2, and 11-A-3 Block No. E, Track No. 9, Barrigada, GUM Estate No. 21648 Suburban. The Court shall not grant this amendment until leave is acquired by the parties from the Supreme Court of Guam.

IT IS SO ORDERED this MAR 2 2 2012 .

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam